## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOAO CONTROL & MONITORING
SYSTEMS, LLC,

         Plaintiff,

v.

LIFESHIELD, INC.,

         Defendant.

Civil Action No. _____

JURY TRIAL DEMANDED

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Joao Control & Monitoring Systems, LLC ("Plaintiff" or "JCMS"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendant LifeShield, Inc. (hereinafter, "Defendant" or "LifeShield") as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 6,542,076 entitled "*Control, Monitoring and/or Security Apparatus*" (the "'076 Patent"; a copy of which is attached hereto as Exhibit A), United States Patent No. 6,549,130 entitled "*Control Apparatus and Method for Vehicles and/or for Premises*" (the "'130 Patent"; a copy of which is attached hereto as Exhibit B), United States Patent No. 6,587,046 entitled "*Monitoring Apparatus and Method*" (the "'046 Patent"; a copy of which is attached hereto as Exhibit C), United States Patent No. 7,277,010 entitled "*Monitoring Apparatus and Method*" (the "'010 Patent"; a copy of which is attached hereto as Exhibit D), and United States Patent No. 7,397,363 entitled "*Control and/or Monitoring Apparatus and Method*" (the "'363 Patent"; a copy of which is attached hereto as Exhibit E) (collectively, "the Patents-in-Suit").

Plaintiff is the owner of the Patents-In-Suit. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.      JCMS is a limited liability company organized and existing under the laws of the state of Delaware.  Plaintiff maintains its principal place of business at 122 Bellevue Place, Yonkers (Westchester County), New York, 10703.  Plaintiff is the owner of the Patents-in-Suit, and possesses all rights thereto, including the exclusive right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patents-in-Suit, the right to sublicense the Patents-in-Suit, and to sue the Defendant for infringement and recover past damages.

3.      Upon information and belief, LifeShield is a corporation duly organized and existing under the laws of the State of Delaware since February 5, 2003 and has its principal place of business located at 2021 Cabot Blvd, West Langhorne (Bucks County), Pennsylvania, 19047.   Upon  information  and  belief,  LifeShield  currently  does  business  under  the names:"LifeShield Security" and "LifeShield Home Security" and has previously used the names "SECURINEX, Inc." and "InGrid, Inc."

## JURISDICTION AND VENUE

4.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.      The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Pennsylvania and in the Eastern District of Pennsylvania;

Defendant has purposefully availed itself of the privileges of conducting business in the State of Pennsylvania and in the Eastern District of Pennsylvania; Defendant has sought protection and benefit from the laws of the State of Pennsylvania; Defendant regularly conducts business within the State of Pennsylvania and within the Eastern District of Pennsylvania, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Pennsylvania and in the Eastern District of Pennsylvania.

6.      More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Pennsylvania, and the Eastern District of Pennsylvania.   Upon information and belief, Defendant has committed patent infringement in the State of Pennsylvania and in the Eastern District of Pennsylvania.  Defendant solicits customers in the State of Pennsylvania and in the Eastern District of Pennsylvania. Defendant has many paying customers who are residents of the State of Pennsylvania and the Eastern District of Pennsylvania and who use Defendant's products and services in the State of Pennsylvania and in the Eastern District of Pennsylvania.

7.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

8.      The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office to Mr. Raymond A. Joao after full and fair examination.  Mr. Joao assigned all rights, title and interest in and to the Patents-in-Suit to JCMS, giving JCMS the right to exclude Defendant from making, using, selling, offering to sell or importing in this district and elsewhere

in the United States the patented invention(s) of the Patents-in-Suit, and the right to sublicense the Patents-in-Suit, collect damages and initiate lawsuits against the Defendant.

9.      Upon information and belief, Defendant had actual knowledge of the specification and issued claims of the Patents-in-Suit, at the very latest, as of the date of service of this Complaint.

10.     On information and belief, Defendant owns, operates, advertises, implements, and controls its website, www.lifeshield.com (either directly or through a third-party) as well as functionality modules and/or programming modules to support its products and services.   In addition to providing information about Defendant's products and services and how to obtain them, this website provides support to Defendant's customers by providing access to user guides and videos to assist customers to install and use Defendant's products and services.

11.     On information and belief, Defendant offers its customers products and services that infringe the Patents-in-Suit, including but not limited to: "LifeShield Wireless Security Systems," for home security and home automation, including Controls, Sensors (for security, fire and environmental detection), and Cameras, including remote access and control through LifeView Interactive Mobile Access and monitoring provided by LifeShield itself and through its partnership with Partnership 1 and its five Command Centers located across the United States (hereinafter, the "Accused Products and Services").

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,542,076

12.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1 - 11 above.

13.     The '076 Patent was duly and legally issued by the United States Patent and Trademark Office on April 1, 2003, after full and fair examination for systems and methods for controlling vehicles and/or premises using at least three devices.  A Certificate of Correction was

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

issued on July 1, 2003 and a second Certificate of Correction was issued on October 25, 2005. Plaintiff is the owner of the '076 Patent, and possesses all substantive rights and rights of recovery under the '076 Patent with respect to the Defendant, including the right to sue for infringement and recover past damages.

14.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '076 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '076 Patent by making, using, providing, and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, systems which are comprised of three devices that constitute a control apparatus, including but not limited to the "Accused Products and Services". The control apparatus used by Defendant consists of a base unit and a console, located at a premises, a Server, located remote from the premises (as part of the Command Centers), and a user's computer or phone at a location remote from both the premises and the Server.  The base unit located at a premises monitors various devices used to detect an event (such as a security breach, a fire or an environmental condition).  When an event occurs, the base unit sends a signal to the Server, located remote from the premises, which in turn sends a signal to a user's phone and/or computer at a location remote from both the Server and from the premises, displaying to the user information regarding the event.  In response, the user may then initiate an action at the premises utilizing the communication and control system provided by the Accused Products and Services.  Infringing conduct regarding this apparatus and its attendant functions take place in this district and elsewhere in the United States, enabled by and accessed through Defendant's website.

15.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '076 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use "Accused Products and Services" in an infringing manner.  Despite knowledge of the '076 Patent as early as the day this Complaint was served on Defendant, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its systems, in a manner which infringes the '076 Patent.  Upon information and belief, Defendant has specifically intended its customers to use its systems in such a way that infringes the '076 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website.  Defendant knew that its actions, including, but not limited to any of the three aforementioned systems, would induce, have induced, and will continue to induce infringement by its customers.  Even where performance of the steps required to infringe the Patents-in-Suit is divided such that Defendant and Defendant's customers each perform some but not all of the steps necessary to infringe the Patents-in-Suit, Defendant's actions have intentionally caused all of the steps to be performed.

16.     Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '076 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a system which includes a transaction security apparatus.  Upon information and belief, Defendant has provided and continues to provide the Accused Products and Services to its customers for the primary

purpose of causing infringing acts by said customers by importing, offering to sell, and/or selling (directly or through intermediaries) to its customers the Accused Products and Services, which constitute a material part of the invention.  Defendant had knowledge of the '076 Patent, at the very latest, on the day this Complaint was served on Defendant.  Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the Accused Products and Services in such a way that infringes the '076 Patent by, at minimum, providing access to, support for, and training and instructions for said Accused Products and Services, at least through information available on Defendant's website.  Upon information and belief, Defendant knew and/or knows that the Accused Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '076 Patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use. Even where performance of the steps required to infringe the '076 Patent is divided such Defendant and Defendant's customers each perform some but not all of the steps necessary to infringe the '076 Patent, Defendant's actions have intentionally caused all of the steps to be performed.

17.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

18.    Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

19.     Defendant's infringement of Plaintiff's rights under the '076 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,549,130

20.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1 - 19 above.

21.     The '130 Patent was duly and legally issued by the United States Patent and Trademark Office on April 15, 2003, after full and fair examination for systems and methods for controlling vehicle or premises systems using at least three devices.  A Certificate of Correction was issued on July 1, 2003.  Plaintiff is the owner of the '130 Patent and possesses all substantive rights and rights of recovery under the '130 Patent, including the right to sue for infringement and recover past damages.

22.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '076 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '130 Patent by making, using, providing, and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, systems which are comprised of three devices that constitute a control apparatus, including but not limited to the "Accused Products and Services". The control apparatus used by Defendant consists of a base unit and a console, located at a premises, a Server (as part of the Command Centers), located remote from the premises, and a user's computer or phone, at a location remote from both the premises and the Server.  The user's computer or phone signals the Server from a location remote from both the premises and the Server, causing the Server to issue a signal to the base unit, located at the premises, to activate equipment at a premises such as small appliances.  Infringing conduct regarding this apparatus

and its attendant functions take place in this district and elsewhere in the United States, enabled by and accessed through Defendant's website.

23.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '130 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use "Accused Products and Services" in an infringing manner.  Despite knowledge of the '130 Patent as early as the day this Complaint was served on Defendant, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its systems, in a manner which infringes the '130 Patent.  Upon information and belief, Defendant has specifically intended its customers to use its systems in such a way that infringes the '130 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website.  Defendant knew that its actions, including, but not limited to any of the three aforementioned systems, would induce, have induced, and will continue to induce infringement by its customers.  Even where performance of the steps required to infringe the Patents-in-Suit is divided such that Defendant and Defendant's customers each perform some but not all of the steps necessary to infringe the Patents-in-Suit, Defendant's actions have intentionally caused all of the steps to be performed.

24.     Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '130 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a system which

includes a transaction security apparatus.  Upon information and belief, Defendant has provided and continues to provide the Accused Products and Services to its customers for the primary purpose of causing infringing acts by said customers by importing, offering to sell, and/or selling (directly or through intermediaries) to its customers the Accused Products and Services, which constitute a material part of the invention.  Defendant had knowledge of the '130 Patent, at the very latest, on the day this Complaint was served on Defendant.  Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the Accused Products and Services in such a way that infringes the '130 Patent by, at minimum, providing access to, support for, and training and instructions for said Accused Products and Services, at least through information available on Defendant's website.  Upon information and belief, Defendant knew and/or knows that the Accused Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '130 Patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use. Even where performance of the steps required to infringe the '130 Patent is divided such Defendant and Defendant's customers each perform some but not all of the steps necessary to infringe the '130 Patent, Defendant's actions have intentionally caused all of the steps to be performed.

25.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

26.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

27.     Defendant's infringement of Plaintiff's rights under the '130 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 6,587,046

28.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1 – 27 above.

29.     The '046 Patent was duly and legally issued by the United States Patent and Trademark Office on July 1, 2003 after full and fair examination.  A Certificate of Correction was issued on January 20, 2004.  Plaintiff is the owner of the '046 Patent, and possesses all right, title and interest in the '046 Patent including the right to enforce the '046 Patent, and the right to sue Defendant for infringement and recover past damages.

30.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '076 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '046 Patent by making, using, providing, and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, systems which are comprised of three devices that constitute a control apparatus, including but not limited to the "Accused Products and Services". The monitoring method used by Defendant consists of transmitting video information, gathered by a recording device or camera located at a premises, to the Server (as part of the Command Centers), which then transmits the video information to the user's computer or phone over the Internet upon receipt of a signal from the user's computer or phone.  The Server is remote from the premises and the user's computer or phone is remote from both the premises and the Server.

This method, with its attendant products, is performed in this district and elsewhere in the United States, enabled by and accessed through Defendant's website.

31.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '046 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use "Accused Products and Services" in an infringing manner.  Despite knowledge of the '046 Patent as early as the day this Complaint was served on Defendant, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its systems, in a manner which infringes the '046 Patent.  Upon information and belief, Defendant has specifically intended its customers to use its systems in such a way that infringes the '046 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website.  Defendant knew that its actions, including, but not limited to any of the three aforementioned systems, would induce, have induced, and will continue to induce infringement by its customers.  Even where performance of the steps required to infringe the Patents-in-Suit is divided such that Defendant and Defendant's customers each perform some but not all of the steps necessary to infringe the Patents-in-Suit, Defendant's actions have intentionally caused all of the steps to be performed.

32.     Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '046 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a system which

includes a transaction security apparatus.  Upon information and belief, Defendant has provided and continues to provide the Accused Products and Services to its customers for the primary purpose of causing infringing acts by said customers by importing, offering to sell, and/or selling (directly or through intermediaries) to its customers the Accused Products and Services, which constitute a material part of the invention.  Defendant had knowledge of the '046 Patent, at the very latest, on the day this Complaint was served on Defendant.  Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the Accused Products and Services in such a way that infringes the '046 Patent by, at minimum, providing access to, support for, and training and instructions for said Accused Products and Services, at least through information available on Defendant's website.  Upon information and belief, Defendant knew and/or knows that the Accused Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '046 Patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use.  Even where performance of the steps required to infringe the '046 Patent is divided such Defendant and Defendant's customers each perform some but not all of the steps necessary to infringe the '046 Patent, Defendant's actions have intentionally caused all of the steps to be performed.

33.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

34.    Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

35.     Defendant's infringement of Plaintiff's rights under the '046 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,277,010

36.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1 – 35 above.

37.     The '010 Patent was duly and legally issued by the United States Patent and Trademark Office on October 2, 2007 after full and fair examination.  Plaintiff is the owner of the '010 Patent, and possesses all right, title and interest in the '010 Patent including the right to enforce the '010 Patent, and the right to sue Defendant for infringement and recover past damages.

38.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '010 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '010 Patent by making, using, providing, and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, systems which are comprised of three devices that constitute a control apparatus, including but not limited to the "Accused Products and Services". The monitoring method used by Defendant consists of transmitting video information, gathered by a recording device or camera located at a premises, to the Server (as part of the Command Centers), which, upon determination of proper authorization, transmits the video information to the user's computer or phone over the Internet upon receipt of a signal from the user's computer or phone. The Server is remote from the premises, and the user's computer or phone is remote from both the premises and the Server.  This method, with its attendant products, is performed in

this district and elsewhere in the United States, enabled by and accessed through Defendant's website.

39.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '010 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use "Accused Products and Services" in an infringing manner.  Despite knowledge of the '010 Patent as early as the day this Complaint was served on Defendant, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its systems, in a manner which infringes the '010 Patent.  Upon information and belief, Defendant has specifically intended its customers to use its systems in such a way that infringes the '010 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website.  Defendant knew that its actions, including, but not limited to any of the three aforementioned systems, would induce, have induced, and will continue to induce infringement by its customers.  Even where performance of the steps required to infringe the Patents-in-Suit is divided such that Defendant and Defendant's customers each perform some but not all of the steps necessary to infringe the Patents-in-Suit, Defendant's actions have intentionally caused all of the steps to be performed.

40.     Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '010 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a system which

includes a transaction security apparatus.  Upon information and belief, Defendant has provided and continues to provide the Accused Products and Services to its customers for the primary purpose of causing infringing acts by said customers by importing, offering to sell, and/or selling (directly or through intermediaries) to its customers the Accused Products and Services, which constitute a material part of the invention.  Defendant had knowledge of the '010 Patent, at the very latest, on the day this Complaint was served on Defendant.  Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the Accused Products and Services in such a way that infringes the '010 Patent by, at minimum, providing access to, support for, and training and instructions for said Accused Products and Services, at least through information available on Defendant's website.  Upon information and belief, Defendant knew and/or knows that the Accused Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '010 Patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use. Even where performance of the steps required to infringe the '010 Patent is divided such Defendant and Defendant's customers each perform some but not all of the steps necessary to infringe the '010 Patent, Defendant's actions have intentionally caused all of the steps to be performed.

41.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

42.    Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

43.     Defendant's infringement of Plaintiff's rights under the '010 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,397,363

44.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1 – 43 above.

45.     The '363 Patent was duly and legally issued by the United States Patent and Trademark Office on July 8, 2008, after full and fair examination.  Plaintiff is the owner of the '363 Patent and possesses all substantive rights and rights of recovery under the '363 Patent, including the right to sue for infringement and recover past damages.

46.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '363 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '010 Patent by making, using, providing, and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, systems which are comprised of three devices that constitute a control apparatus, including but not limited to the "Accused Products and Services".  The control apparatus used by Defendant consists of a base unit and a console, located at a premises, a Server (as part of the Command Centers), located remote from the premises, and a user's computer or phone, at a location remote from both the premises and the Server.  The user's computer or phone, remote from a premises and the Server, sends a signal over the Internet to the Server, located remotely from the premises. When a signal is deemed authorized, a different signal is then sent to the base unit which activates an associated premise system, such as automatic door locks.  Infringing conduct regarding this apparatus and its attendant functions

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

take place in this district and elsewhere in the United States, enabled by and accessed through Defendant's website.

47.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '363 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use "Accused Products and Services" in an infringing manner.  Despite knowledge of the '363 Patent as early as the day this Complaint was served on Defendant, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its systems, in a manner which infringes the '363 Patent.  Upon information and belief, Defendant has specifically intended its customers to use its systems in such a way that infringes the '363 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website.  Defendant knew that its actions, including, but not limited to any of the three aforementioned systems, would induce, have induced, and will continue to induce infringement by its customers.  Even where performance of the steps required to infringe the Patents-in-Suit is divided such that Defendant and Defendant's customers each perform some but not all of the steps necessary to infringe the Patents-in-Suit, Defendant's actions have intentionally caused all of the steps to be performed.

48.     Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '363 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a system which

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

includes a transaction security apparatus.  Upon information and belief, Defendant has provided and continues to provide the Accused Products and Services to its customers for the primary purpose of causing infringing acts by said customers by importing, offering to sell, and/or selling (directly or through intermediaries) to its customers the Accused Products and Services, which constitute a material part of the invention.  Defendant had knowledge of the '363 Patent, at the very latest, on the day this Complaint was served on Defendant.  Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the Accused Products and Services in such a way that infringes the '363 Patent by, at minimum, providing access to, support for, and training and instructions for said Accused Products and Services, at least through information available on Defendant's website.  Upon information and belief, Defendant knew and/or knows that the Accused Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '363 Patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use. Even where performance of the steps required to infringe the '363 Patent is divided such Defendant and Defendant's customers each perform some but not all of the steps necessary to infringe the '363 Patent, Defendant's actions have intentionally caused all of the steps to be performed.

49.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

50.    Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

51.     Defendant's infringement of Plaintiff's rights under the '363 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

52.     Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A.     An adjudication that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or its customers;

B.     An adjudication that Defendant has induced infringement of one or more claims of the Patents-in-Suit;

C.     An adjudication that Defendant has contributed to the infringement of one or more claims of the Patents-in-Suit;

D.     An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

E.     A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement with respect to the claims of the Patents-in-Suit;

F.     That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

G.     Any further relief that this Court deems just and proper.

Dated: May 15, 2015

**STAMOULIS & WEINBLATT LLC**

/s/ Richard C. Weinblatt
Richard C. Weinblatt PA ID. 87932
weinblatt@swdelaw.com
Stamatios Stamoulis
stamoulis@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, Delaware 19809
Telephone: (302) 999-1540

**HENINGER GARRISON DAVIS, LLC**
Steven W. Ritcheson, *Pro Hac Vice* anticipated
9800 D Topanga Canyon Blvd. #347
Chatsworth, California  91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
Email: swritcheson@hgdlawfirm.com

**HENINGER GARRISON DAVIS, LLC**
Maureen V. Abbey, *Pro Hac Vice* anticipated
220 St. Paul Street
Westfield, New Jersey 07090
Telephone: (908) 379-8475
Facsimile: (205) 326-3332
Email: maureen@hgdlawfirm.com

**Attorneys for Plaintiff Joao Control &
Monitoring Systems, LLC**

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**